**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(D)(2), SCACR**.

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Jonathan Kyle Binney, Petitioner/Respondent,

v.

State of South Carolina, Respondent/Petitioner.

Appellate Case No. 2012-212107

---

**ON WRIT OF CERTIORARI**

---

Appeal from Cherokee County
The Honorable J. Michael Baxley, Circuit Court Judge

---

Memorandum Opinion No. 2015-MO-028
Heard January 13, 2015 – Filed May 13, 2015

---

**CERTIORARI DISMISSED AS IMPROVIDENTLY GRANTED**

---

John H. Blume, of Ithaca, New York, and Emily C. Paavola, of Columbia, for Petitioner/Respondent.

Attorney General Alan M. Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka and Senior Assistant

Attorney General William E. Salter, III, all of Columbia, for Respondent/Petitioner.

J. Christopher Mills, for Amicus Curiae, South Carolina Religious Leaders and Scholars.

---

**PER CURIAM:** After careful review of the record, appendix, and briefs, the writs of certiorari are dismissed as improvidently granted.

**DISMISSED AS IMPROVIDENTLY GRANTED.**

**PLEICONES, BEATTY and HEARN, JJ., concur. KITTREDGE, J., concurring in part and dissenting in part in a separate opinion in which TOAL, C.J., concurs.**

**JUSTICE KITTREDGE:**  I concur in part and dissent in part.  I concur as to the dismissal of Jonathan Kyle Binney's certiorari petition.  I dissent with respect to the dismissal of the State's certiorari petition, which, in effect, upholds the post-conviction relief court's grant of a new sentencing hearing based on the erroneous mercy charge.  I would reverse the post-conviction relief court and reinstate Binney's death sentence.  I incorporate the well-reasoned opinion of Chief Justice Toal in *Evans v. State,* Op. No. 2015-MO-027 (S.C. Sup. Ct. filed May 13, 2015) (Toal, C.J., dissenting).

I add the following comments.  In 2009, I authored this Court's unanimous opinion in *Rosemond v. Catoe*, 383 S.C. 320, 680 S.E.2d 5 (2009).  Rosemond was granted a new sentencing hearing based on trial counsel's failure to present any mental health mitigation evidence.  *Rosemond*, 383 S.C. at 329, 680 S.E.2d at 10.  Rosemond also asserted the mercy charge—"you may recommend a sentence of life imprisonment for any reason or for no reason at all other than as an act of mercy"—as a basis for post-conviction relief.  *Id.*  We did not grant relief based on the mercy charge, but clarified in dictum that the "other than as an act of mercy" language not be charged on resentencing.  *Id.* at 330, 680 S.E.2d at 10–11.  This court never addressed the challenged mercy instruction in *Rosemond* in the context of the *Strickland v. Washington*[1] test.  *Id.* at 329–30, 680 S.E.2d at 10–11.  I view the challenged instruction, in isolation, as confusing, for it is susceptible to more than one interpretation.  Yet, we have never sanctioned an analytical framework that focuses narrowly on disputed language in a jury charge to the exclusion of the charge as a whole.

I would not find deficient representation in failing to object to this charge.  In any event, assuming deficient representation, Binney cannot satisfy the prejudice prong of *Strickland*.  The trial court's instruction in *Binney* was as follows:

> Now, in arriving at your decision as to what the appropriate sentence shall be in this case, you are instructed that you must also consider any statutory mitigating circumstances.
>
> And as I have indicated to you, Mr. Foreman, those statutory mitigating circumstances that you may -- that you and your fellow jurors my [sic] consider are also set forth on the statutory instructions form.

---

[1] 466 U.S. 668 (1984).

Now, a statutory mitigating circumstance is a fact, an incident, a detail, or an occurrence which the State legislature has declared by statute to be a circumstance which may make less or reduce the severity of the crime of murder. It is a circumstance which may be considered as mitigating or extenuating the degree of moral culpability of the defendant for the commission of the crime of murder.

Mitigating circumstance is neither a justification nor an excuse for the crime of murder. It is simply a fact or a circumstance which may lessen the degree of the defendant's guilt or make the defendant less blameworthy or less culpable.

Now, as is reflected in the statutory instructions form, in making your determination as to whether or not to recommend a sentence of death or a sentence of life imprisonment, you shall consider the following statutory mitigating circumstances:

One is the murder was committed while the defendant was under the influence of mental or emotional disturbance.

Two is the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law was substantially impaired.

And, three, the age or mentality of the defendant at the time of the commission of the crime of murder.

Now, you shall consider any nonstatutory mitigating circumstances which have been shown to exist by the evidence in the case.

Now, a nonstatutory mitigating circumstance is one which may serve the same purpose as a statutory mitigating circumstance; that is, to lessen or to reduce the degree of the defendant's guilt in the commission of the crime of murder.

Now, while there must be some evidence which supports a finding by you of the existence of any mitigating circumstance, it is not necessary that you find the existence of such circumstance or circumstances beyond a reasonable doubt. You must simply find that in your view such is supported by the evidence in the case.

You are not, however, at any time asked to indicate any mitigating circumstances that you might find exist in the evidence on any form that you will have in the jury room.

I do emphasize to you, however, that you are permitted under the law to impose a sentence of life imprisonment, whether or not you find the existence of any statutory or nonstatutory mitigating circumstance.

In making your determination as to which sentence to recommend in this case, you shall consider the statutory aggravating circumstance, as well as the statutory and nonstatutory mitigating circumstances in arriving at your decision.

Now, as I have previously stated, while you must find the existence of the statutory aggravating circumstance beyond a reasonable doubt before you are permitted to make any recommendation as to sentence, once such a finding is made, you are permitted to recommend a sentence of death, even though you may also find the existence of one, or more, of the mitigating circumstances.

The existence of any statutory and/or nonstatutory mitigating circumstances is not a bar to the recommendation of a death sentence, so long as you have found the existence of the statutory aggravating circumstance beyond a reasonable doubt and your decision to impose the death sentence is a unanimous decision of the jury.

Conversely, you may also recommend a sentence of life imprisonment, even though you did find the existence of the statutory aggravating circumstance beyond a reasonable doubt and you find no mitigating circumstances to be supported by the evidence in the case.

Simply stated, you may recommend a sentence of life imprisonment for any reason, or for no reason at all, other than as an act of mercy.[2]

---

[2]  The transcript includes a comma between the word "all" and the word "other." The insertion of the comma reflects a pause as the sentence is read to the jury. I would find that the use of the comma, and hence the pause in the sentence, supports the construction of the sentence advanced by the State—that is, the jury was told it may recommend a life sentence merely as an act of mercy. This is entirely consistent with the balance of the charge, which made it unmistakably clear that there was no limitation on the jury's ability to recommend a life sentence.

In my judgment, the analysis here is no different than Chief Justice Toal articulated in *Evans*:

> [T]he ultimate test to determine the propriety of the trial judge's charge is "what a reasonable juror would have understood the charge to mean" in the context of the *entire* jury instruction. *State v. Bell,* 305 S.C. 11, 16, 406 S.E.2d 165, 168 (1991); *see also, e.g., State v. Hicks*, 330 S.C. 207, 218, 499 S.E.2d 209, 215 (1998) ("A jury instruction must be viewed in the context of the overall charge.").
>
> Here, Evans contests one sentence of a lengthy charge that instructed the jury to consider all statutory and non-statutory mitigating factors in arriving at their verdict. In my opinion, the rest of the instruction, the emphasis placed on mercy by both the State and the defense, the trial judge's general opening explanation of mitigation and aggravation to the jury, and the unremarkable position of the condemned instruction in the context of the overall charge, all combine to preclude a finding of prejudice. Under these facts, a reasonable juror unquestionably would have been aware that he or she could recommend life as an act of mercy. Thus, it is my opinion that Evans has not proven that he was prejudiced by the defective instruction; consequently, his *Strickland* argument must fail.

Evans v. State, *Supra* (Toal, C.J., dissenting).

I agree with Chief Justice Toal's dissenting opinion in *Evans*, and I would reverse the grant of post-conviction relief to Binney.

**Toal, C.J., concurs.**